> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Argued September 30, 2025
Decided October 3, 2025

*Before*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

No. 24-3115

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 23-cr-30030 |
| PHILLIP C. MAYFIELD, *Defendant-Appellant*. | Colleen R. Lawless, *Judge*. |

**O R D E R**

A jury convicted Phillip Mayfield of two counts of distributing methamphetamine. In his brief on appeal, Mayfield argued that the district court violated his rights under the Speedy Trial Act when it granted the government a continuance to pursue records from an online platform. But at oral argument, Mayfield abandoned this argument and instead contended that the district court abused its discretion by overlooking the government's alleged lack of diligence in obtaining the

No. 24-3115                                                                                              Page  2

records. Because the district court's decision was well within its discretion to manage trial, we affirm the judgment.

## Background

Early in 2023, Illinois State Police worked with a cooperating source to conduct and record two controlled buys of methamphetamine from Mayfield. For each buy, officers equipped the source with a recording device, but the video component did not work during the first buy. During the second buy, the device recorded the seller wearing a surgical mask.

The government charged Mayfield with two counts of distributing 50 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A). On June 21, 2023, Mayfield first appeared before the district court and pleaded not guilty. The court set trial for August 1, 2023, but it later granted Mayfield three continuances and rescheduled trial for February 12, 2024.

About two weeks before trial, the government told the court that it had obtained a search warrant for Meta Platforms because the day before it had discovered Facebook photos of Mayfield wearing a surgical mask like the one worn by the seller in the recording of the second buy. At a status conference on February 6, the government moved for a continuance, citing its pending receipt of the Meta records. It argued that the photos helped identify Mayfield as the masked seller during the second buy and that it needed the Meta records to lay foundation for the photos. Mayfield objected, arguing that the government did not exercise due diligence in seeking the records because it had known for months that identity would be a key issue at trial. The court found that the ends of justice served by continuing trial outweighed Mayfield's interest in a speedy trial and rescheduled trial for April 22.

A week later, Meta produced over 18,000 pages of Facebook records, and the government shared them with Mayfield. The court later granted Mayfield an additional continuance to review the new discovery and prepare for trial. Trial began on July 17, and the jury convicted Mayfield on both counts.

## Analysis

Although Mayfield argues in his brief that his rights under the Speedy Trial Act were violated when the district court granted the government's motion to continue, he abandoned that claim at oral argument. In any event, he waived his rights under the

No. 24-3115 Page 3

Act when he failed to move to dismiss the indictment on speedy-trial grounds in the district court.

The Speedy Trial Act requires a criminal trial to begin within 70 days of the defendant's indictment or first appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The time limit excludes continuances the court grants after finding on the record that the ends of justice served by continuing trial outweigh the interest of the public and the defendant in a speedy trial. *Id.* § 3161(h)(7)(A). If trial does not start within 70 days, the court must dismiss the indictment upon the defendant's motion. *Id.* § 3162(a)(2). A defendant's failure to move for dismissal results in a waiver—not a forfeiture—of his rights under the Act. *Id.*; *United States v. Blount*, 93 F.4th 1063, 1065 (7th Cir. 2024); *United States v. White*, 443 F.3d 582, 589 (7th Cir. 2006).

Mayfield did not move to dismiss the indictment, so he waived his rights under the Act. We thus need not address his speedy-trial argument on appeal. *See White*, 443 F.3d at 589.

At oral argument, however, Mayfield pressed a different argument. He asserted that the district court erred by granting the government's motion for a continuance because the government did not exercise due diligence in seeking the Facebook records. We review a decision to grant or deny a continuance for abuse of discretion and a showing of prejudice. *United States v. Dickey*, 52 F.4th 680, 685 (7th Cir. 2022).

Here, the district court explained that the records related to identity—an issue central to the case—and therefore additional time was needed for effective preparation. *See id.* (explaining that district court should consider factors like time for effective preparation and likelihood continuance satisfies movant's needs). Counsel agrees these documents were material to the case. And contrary to Mayfield's argument, the court's order expressly referred to the government's "exercise of due diligence." Indeed, Mayfield does not contest that the government obtained the search warrant the day after discovering the photos.

Nor can Mayfield show that he was prejudiced. The additional time necessary for the government to procure the records did not hamper Mayfield's ability to mount a defense. *See United States v. Harmon*, 721 F.3d 877, 884 (7th Cir. 2013) (explaining we do not measure prejudice by whether the government's case was made stronger). And the district court granted Mayfield's requests for extra time to review the records once they had been produced.

No. 24-3115 Page 4

Because the court properly exercised its discretion in granting the motion to continue, we AFFIRM the judgment.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**
A True Copy
Teste:

_signature_

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## FINAL JUDGMENT

October 3, 2025

Before

MICHAEL Y. SCUDDER, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*
NANCY L. MALDONADO, *Circuit Judge*

| | |
|---|---|
| No. 24-3115 | UNITED STATES OF AMERICA,<br>Plaintiff - Appellee<br><br>v.<br><br>PHILLIP C. MAYFIELD,<br>Defendant - Appellant |

| **Originating Case Information:** |
|---|
| District Court No: 3:23-cr-30030-CRL-KLM-1<br>Central District of Illinois<br>District Judge Colleen R. Lawless |

The judgment of the District Court is **AFFIRMED**, in accordance with the decision of this court entered on this date.

_signature_

Clerk of Court

form name: **c7_FinalJudgment**     (form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

October 27, 2025

To:   Shig Yasunaga
      UNITED STATES DISTRICT COURT
      Central District of Illinois
      United States Courthouse & Federal Building
      Springfield, IL 62701-0000

|  | |
|---|---|
| No. 24-3115 | UNITED STATES OF AMERICA,<br>Plaintiff - Appellee<br><br>v.<br><br>PHILLIP C. MAYFIELD,<br>Defendant - Appellant |
| **Originating Case Information:** | |
| District Court No: 3:23-cr-30030-CRL-KLM-1<br>Central District of Illinois<br>District Judge Colleen R. Lawless | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                              No record to be returned

This notice sent to:
[ ]  United States Probation Officer

form name: **c7_Mandate**   (form ID: **135**)